31484. DORSEY *v.* CLEMENTS.

DECIDED NOVEMBER 13, 1947.

*George P. Wright, John H. Dorsey, J. W. Dennard,* for plaintiff in error.

*H. G. Rawls, Bennet, Peacock & Perry,* contra.

FELTON, J. When this court first considered this case it treated the petition as being based on the right to recover upon one theory and one only. The petition was construed as presenting the case on one theory and the case was argued by both sides on that hypothesis and it was so decided. The Supreme Court

on certiorari, *Dorsey* v. *Clements*, 202 *Ga.* 820 (44 S. E. 2d, 783), reversed the judgment of this court and overruled the reason upon which that judgment was based. The petition as originally filed, alleged that the defendant cupped trees not suitable for turpentine purposes, such unsuitability being determined, as alleged, by an oral agreement of the parties defining the size of the trees to be cupped under the lease. An amendment was filed by the plaintiff alleging more definitely than in the original petition, the number of trees wrongfully cupped, and alleging generally that a number of trees were cupped which were not suitable for turpentine purposes under the terms of the lease. Construing the petition and the amendment against the pleader, the amendment was and is construed to allege only that the trees allegedly cut wrongfully were not suitable for turpentine purposes on the theory and basis of the original allegation that the size trees to be cupped was determined by the oral agreement between the parties, and is not construed to allege that any trees were generally unsuitable for turpentine purposes or unsuitable for any other reason than the one upon which the case was originally predicated. Since this is true, and so long as the original allegation as to the parol agreement of the parties as allegedly determining the size of the trees to be cupped remains in the petition, this court cannot respond to the request of the defendant in error to hold that the petition alleges a cause of action under the allegations of the amendment, which might be possible if we could consider the allegations of the amendment separately from the original petition. In view of the foregoing reasons, the court can only vacate its previous judgment and reverse the judgment of the lower court which held that the amended petition as it now stands was not subject to the general demurrer.

The previous judgment of affirmance is vacated and the judgment of the lower court in overruling the general demurrer to the petition as amended is reversed for the reasons stated by the Supreme Court in its decision in the case above cited.

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., Gardner, Parker, and Townsend, JJ., concur.*